## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Franklin Monroe Southard

### April 30, 1992

### Case No. (Law) 12623

BY JUDGE JAMES H. CHAMBLIN

This case began with the order entered on July 19, 1991, ordering the defendant to appear on August 2, 1991, to show cause why he should not be declared an habitual offender. The defendant was granted several continuances until he and his counsel appeared on February 11, 1992, for the hearing. At that time, the Commonwealth offered into evidence the certification from the Department of Motor Vehicles (DMV) and attached motor vehicle record of the defendant. It was received as Commonwealth's Exhibit No. 1. The defendant thereupon moved for a continuance, and it was granted by the Court.

After one continuance, the case came back before the Court on April 17, 1992, for presentation of the defendant's evidence. The evidence offered by the defendant consisted of the testimony of Dickson J. Young, an attorney, and the following documentary evidence:

(1) Copy of an ordinance of the City of Fairfax adopted June 26, 1984 (Defendant's Exhibit No. 1);

(2) Copy of a legal advertisement in the *Fairfax Journal* (Defendant's Exhibit No. 2); and·

(3) Copy of an ordinance of the County of Fairfax adopted June 20, 1988 (Defendant's Exhibit No. 3).

The Commonwealth objected to all the evidence offered by the defendant for various reasons hereinafter addressed. The Court allowed Mr. Young to testify and the defendant to offer in evidence the

exhibits without prejudice to the Commonwealth's objection so that the Court could hear and understand the evidence to which the Commonwealth was objecting.

On February 11, 1992, counsel for the defendant tendered to the Court certified copies of the summonses and order reflecting the convictions set forth in the DMV certification. They were never offered into evidence on either February 11, 1992, or April 17, 1992. However, counsel did refer to them on both days, and Mr. Young referred to them in his testimony on April 17, 1992.

### Testimony of Dickson Young

Mr. Young testified that he has been a licensed Virginia attorney since 1977 handling primarily litigation. He has handled over 200 habitual offender cases (declaration proceedings or driving after declared). He has researched all of the Northern Virginia ordinances concerning the operation of motor vehicles. He has examined the defendant's driving record and transcript (Commonwealth's Exhibit No. 1).

The Court has no problem in deeming Mr. Young an expert in the area of the law in general and habitual offenders in particular.

Of the four convictions listed in the DMV certification, Mr. Young stated that two could not be attacked because they involved state violations. Both are clearly convictions under § 46.1–350 on September 25, 1985, in Fairfax County General District Court and on October 17, 1986, in Prince William County General District Court.

Mr. Young testified that the defendant's conviction on January 17, 1985, in the City of Fairfax General District Court of "Drive while license suspended" in violation of City Code § 13–1 should not be considered because (1) such section was adopted on June 26, 1984, incorporating certain provisions of Title 46.1 as in force and effect on July 1, 1984, and (2) that the ordinance was adopted after only one publication. He opined that the City Council could not validly adopt by incorporation provisions of the Virginia Code not yet then in effect, and that an ordinance adopted without complying with the two-week publication requirement of § 15.1–504 is invalid.

The defendant's conviction of "Driving on a suspended operator's license (3rd or subsequent offense)" in violation of § 82–46.1–350 of the Fairfax County Code in the Fairfax Circuit Court of June 15, 1989, should not be considered because the Board of Supervisors on

June 20, 1988, enacted Chapter 82 of the Fairfax County Code to include by incorporation certain parts of Title 46.1 as in effect on July 1, 1988. He had the same opinion as he did as to the Fairfax City ordinance referred to above.

During Mr. Young's testimony, he referred to the copies of the above-mentioned documents which were offered in evidence by the defendant. Neither of the copies of the two ordinances (Defendant's Exhibits No. 1 and 3) were certified. This is not a problem because this Court can take judicial notice of the ordinance under § 8.01–386. The copy of the legal notice (Defendant's Exhibit No. 2) was not authenticated.

Finally, Mr. Young stated that it was his opinion that the defendant did not fall within the statutory definition of habitual offender.

## Conclusions of Law

The Commonwealth's objection to Mr. Young's expert testimony as to the two ordinances and that the defendant is not an habitual offender is sustained. He expressed an opinion as to legal concepts and as to the ultimate issue in the case, i.e., whether or not the defendant is an habitual offender.

The copy of the legal notice (Defendant's Exhibit No. 2) is not admitted because it has not been authenticated. No evidence was presented to show that Mr. Young was competent to testify as to the facts surrounding the publication of the legal notice.

However, I am of the opinion that this Court can take judicial notice of the ordinances involved in the defendant's convictions of January 17, 1985, and June 15, 1989. These are Defendant's Exhibits No. 1 and 3. Because each ordinance purports to adopt by incorporation sections of the Virginia Code not yet in effect, they are not valid. Hence, these two convictions cannot be used as a prerequisite to a finding that the defendant is an habitual offender.

Let Mr. Dain prepare an order dismissing this proceeding to which Mr. Burch may note an exception.